# EXHIBIT 4

From: hmacdougald@ccedlaw.com <hmacdougald@ccedlaw.com>
Date: December 27, 2022 at 7:43:03 PM
To: Phil Fox <foxp@dcodc.org>, Jason Horrell <horrellj@dcodc.org>
Cc: Charles Burnham <charles@evgpllc.com>, Robert Destro <robert.destro@protonmail.com>
Subject:  In re: Clark

Mr. Fox:

Our client informs us that you sent a process server to his home this evening to try to serve a purported subpoena for the removed Bar proceeding.  Service was refused for the reason given in Mr. Burnham's email to you last week refusing to accept service of the subpoena.

This case has been removed TWICE and there is no authority in the DCCA or the Board to issue or enforce subpoenas at this time. Mr. Clark's son relayed to the process server precisely this: "Not accepting because no authority to issue it."

Your insistence on pursuing another subpoena after TWO prior and pending removals is obdurate, absurd, and frivolous. Your extreme pursuit of Mr. Clark lacks any sense of perspective, proportion, or comity toward the U.S. District Court for the District of Columbia.

We ask you to stand down on any more subpoenas or filings in the Board or the DCCA until the motions to remand are finally resolved.

Should you refuse, we will seek relief from Judge Contreras. Whether we will have to add a third removal to your train of abuses is up to you.

To be clear, if this case is not dismissed with prejudice, you will be entitled to seek discovery at an appropriate time in an appropriate manner. And we reserve all objections for that time. But that time is not now. You should also be aware that we will seek discovery against you and ODC and you will be subject to the federal rules on discovery, not DC rules that, in effect, allow you to decide what to turn over and when.

Finally, in line with how you have litigated this matter from the start, we are anticipating that you will argue that Mr. Clark refusing service tonight is part of some pattern of abuse. To try to cut off that specious approach, we point out to you the true sequence of service events that have occurred. Those events show that Mr. Clark has proceeded reasonably at all times and simply stood on his procedural rights at appropriate junctures, even where that displeases you:

1. You emailed a subpoena to Mr. Clark's prior lawyer (whom Mr. Clark had by then disengaged) and then that subpoena was sent to Mr. Clark by a Dropbox-like mechanism, which is not a rules-based method of service. The relevant email sent to Mr. Clark went to his spam box as we explained to you and to the DCCA. You argued that Mr. Driscoll agreed to accept service by email. This was false and Mr. Driscoll averred under penalty of perjury that he did not do so.

2. This led you to ask for Mr. Clark to agree to be served on a particular day by a second, replacement subpoena. Mr. Clark was at home and met your colleague Azadeh Matinpour to

receive the document. But her acting as the server was a violation of the governing rules, as we pointed out to the DCCA. The DCCA did not accept your arguments that this second service was proper. Nor did the DCCA ever approve your first abortive attempt at service to Mr. Driscoll or via electronic drop to Mr. Clark.

3. You tried to serve Mr. Clark with the July 2020 Charges at his residence when he was still working at his office in the District. You tried to somehow claim that Mr. Clark not taking service at a location he was not physically present at was gameplaying, which it was not. Mr. Clark quickly agreed through counsel in ensuing days to meet in the District your now-proper process server back in July bright and early one morning close in time to your initial attempt at evening service (coincidentally the night before a House January 6 Select Committee hearing). Mr. Clark met that process server and accepted the service of the Charges without objection.

4. At the October 6, 2022 status conference held before Hearing Committee Chair Hirsh prior to removal, we agreed to accept service by email of a subpoena you issued later that day. We did so true to our word to Chair Hirsh, without objection.

5. As noted above, we refused to accept service of the subpoena you issued seeking material referenced in an unsealed order by Chief Judge Beryl Howell, because this case had already been removed and yet you continue to proceed as if it has not.

6. We also note on the final day of Mayor Giuliani's disciplinary hearing, you admitted in the YouTube televised proceedings that your hope to hold a hearing against Mr. Clark on January 9, 2023 may not come to fruition due to our removal of the case(s) you have filed. That admission will not serve you well if you continue down this obstinate path because it shows you are well aware that your position against removal may not prevail and yet by trying to serve another subpoena this evening you are proceeding as if you have already prevailed in the removal dispute (inherently in some unknown way because no ruling has yet been made). This is improper.

7. In light of this clear history, we will not entertain your bluster or threats about supposed gameplaying.

Please contact me with any questions

-----
Harry W. MacDougald
Caldwell, Carlson, Elliott & DeLoach, LLP
Two Ravinia Drive
Suite 1600
Atlanta, Georgia 30346
404-843-1956
Direct: 404-843-4109