DISTRICT OF COLUMBIA COURT OF APPEALS
BOARD ON PROFESSIONAL RESPONSIBILITY
HEARING COMMITTEE NUMBER TWELVE

DISTRICT OF COLUMBIA BOARD ON PROFESSIONAL RESPONSIBILITY Est. 1972
FILED
Jul 28 2023 1:39pm
Board on Professional Responsibility

In the Matter of: :
:
JEFFREY B. CLARK, :
:
Respondent. : Board Docket No. 22-BD-039
: Disciplinary Docket No. 2021-D193
A Member of the Bar of the :
District of Columbia Court of Appeals :
(Bar Registration No. 455315) :

ORDER

Respondent Jeffrey B. Clark has Lodged a Motion to Vacate Orders, in which he argues that the Hearing Committee lacks jurisdiction because the Clerk of the United States District Court for the District of Columbia has not mailed a certified copy of the District Court's June 8, 2023 remand order to the Hearing Committee. Respondent relies on 28 U.S.C. § 1447(c), which provides that:

> (c) A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal. *A certified copy of the order of remand shall be mailed by the clerk to the clerk of the State court. The State court may thereupon proceed with such case.*

(emphasis added). Mr. Clark argues that, notwithstanding the District Court's June 8, 2023 order remanding this case, proceedings before the Hearing Committee

cannot resume unless and until the District Court Clerk mails a certified copy of the June 8 order (and preferably, until the certified copy is received). Motion to Vacate at 5.

Disciplinary Counsel opposed Mr. Clark's motion, arguing that the Hearing Committee was never divested of jurisdiction because it is not a "court" and the removal statute permits only removal of "a 'civil action' or a 'criminal prosecution' that was commenced 'in a State court.'" Disciplinary Counsel also represented that it had been informed by a clerk in the District Court Clerk's office that "the clerk would not mail a certified copy of the order (or place a notation of remand on the docket indicating a certified copy was sent), because there is no state court clerk in this case to receive it." Response at 5.

In reply, Mr. Clark argues that Disciplinary Counsel had previously argued that the Board and its Hearing Committees were arms or adjuncts of the District of Columbia Court of Appeals, and should be estopped from making contrary arguments now. With regard to Disciplinary Counsel's representations regarding information obtained from the federal court clerk, Mr. Clark argued that the Hearing Committee should not rely on unsworn representations of information provided by an unknown member of the District Court Clerk's office.

On July 12, 2023, the Hearing Committee ordered that Mr. Clark's Lodged Motion to Vacate Orders would remain under advisement, "pending receipt of an affidavit filed by Disciplinary Counsel identifying the Clerk's Office employee referenced in Disciplinary Counsel's response, that employee's authority to speak

on behalf of the Clerk's Office, and setting forth the specifics of the dialogue that was summarized in Disciplinary Counsel's motion.

Disciplinary Counsel submitted an affidavit from the attorney in the Office of Disciplinary Counsel who communicated with the staff of the Clerk's Office. Affiant noted that he referred the unnamed clerk "to the provision of 28 U.S.C. § 1447(c) that states the clerk shall mail a certified copy of an order of remand to the clerk of the state court from which the case was removed," noted that no such mailing had occurred in the month since the remand order, and asked whether there was a timetable for mailing the certified copy. Affiant also represented to the clerk that "the removal had been noticed from a disciplinary proceeding before a hearing committee of the D.C. Board on Professional Responsibility, *which does not have a clerk's office*." (emphasis added). The clerk responded the next day, informing Affiant the order would not be mailed, and to the best of Affiant's recollection, "she said something like: 'because like you said, there is no court clerk, so we would treat it like an agency case,'" in which it seems that certified copies are not mailed because there is no court clerk. Affidavit ¶9.

Finally, Affiant made the following representations regarding the authority of the clerk to speak on behalf of the Clerk's Office:

> I do not claim that the information provided by the clerk is binding or an authoritative statement from the U.S. District Court. It reflects only the informal view of the clerk about an administrative aspect of her job—whether to send a copy of an order in the mail and make a particular notation on the docket. Nevertheless, I believe the clerk's

view is relevant to Clark's argument that the Hearing Committee may not proceed because no such mailing has been made. [Affidavit ¶13].

In response, Mr. Clark lodged a Motion to Disregard ODC Affidavit as Legally Deficient and thus Irrelevant. In this motion, Mr. Clark argues, among other things, that the Hearing Committee should not rely on the information in the affidavit because it reflects impermissible legal advice from an unnamed Clerk's Office employee (that there was no basis to send a certified copy of the remand order), who based that advice on an incorrect understanding of the facts (that the D.C. attorney discipline system does not have a "clerk's office").

*Analysis*

As explained below, we have some significant disagreement with both sides' positions in connection with these motions.

Disciplinary Counsel argues that the Hearing Committee need not wait to receive a certified copy of the remand order because "neither the Hearing Committee nor the Board on Professional Responsibility is a 'State court.' As a result, Clark's attempted removal of the disciplinary proceeding never divested the hearing committee of jurisdiction to proceed in the first place." Opp. at 2. This appears to be a novel argument.

On October 17, 2022, Mr. Clark notified the Hearing Committee that he had removed this matter to the United States District Court for the District of Columbia. On October 21, 2022, Disciplinary Counsel notified the Hearing Committee that it had filed motion to remand, arguing that the District Court lacked subject matter

jurisdiction over this disciplinary proceeding, and removal was therefore improper. Based on our review of Disciplinary Counsel's motion to remand, it does not appear that it raised this argument with the District Court. *See, e.g.,* Motion to Remand at 1 (the District Court "lacks subject matter jurisdiction because the Congress has determined that the States and the District of Columbia should exercise disciplinary authority over Government lawyers.").

Also, while the motion to remand was pending in the District Court, Disciplinary Counsel did not argue that the Hearing Committee should ignore the removal. Although the parties made pre-hearing filings in accordance with the schedule set by the Hearing Committee, the previously-scheduled hearing dates came and went in January, 2023, without Disciplinary Counsel arguing that the hearing should be held because removal had not deprived the Hearing Committee of jurisdiction.

The District Court also recognized that § 1442:

> permits removal civil actions or criminal prosecutions "commenced in a State court," a term it defines to include only, as relevant here, "the Superior Court of the District of Columbia." 28 U.S.C. § 1442(a), (d)(6). But the disciplinary proceeding against Mr. Clark was commenced in the DCCA, not the Superior Court. See Petition and Specification. As it was Congress that vested the DCCA with authority to administer attorney discipline in D.C., see D.C. Code § 11-2502, that Congress also defined "State court" to include only the D.C. Superior Court *is further evidence that it did not intend to make the Board's disciplinary proceeding removeable under section 1442.*

Slip op. at 24 (emphasis added). We do not understand the District Court's conclusion that Congress did not intend for a disciplinary proceeding to be removable to mean that a hearing committee should ignore the removal, and the follow-on remand proceedings in federal court, and proceed ahead as if the case had not been removed.

Finally, Disciplinary Counsel's position also misstates the circumstances under which we ceased to take action in this matter. Disciplinary Counsel's position acts as if, when Mr. Clark filed his notice of removal, he also submitted and the Board granted a second motion to defer this proceeding under Board Rules 4.1 and 4.2. But that did not happen. Mr. Clark did not follow the procedures for submitting a second motion to defer under Rule 4.2. The Hearing Committee chair did not recommend, as Rule 4.1 would require that the Board Chair find that "there is a substantial likelihood that the resolution of the related investigation or litigation will help to resolve material issues involved in the pending disciplinary matter." The Board Chair was never asked to or entered any such ruling.

The Hearing Committee did not stand down from this matter because it reached a conclusion that the effort to remove the case has sufficient likelihood of resolving the case to warrant a stay. It stood down because there was at least a colorable claim that the filing of a notice of removal (even one that was later determined to be insufficient to establish federal district court jurisdiction) vested the federal district court, and not this Hearing Committee with the jurisdiction to

determine whether the removal was proper. It was not a question of what the decision should be. It was a question of who should be making the decision.

Thus, we reject Disciplinary Counsel's argument that the Hearing Committee was never deprived of jurisdiction.

Turning to the disagreement between the parties as to whether the Hearing Committee can regain jurisdiction over this matter before the District Court Clerk sends a certified copy of the remand order, federal and state courts are split on whether a federal court loses jurisdiction over a removed action when the remand order is issued, or when the certified copy is mailed. *See, e.g., Limehouse v. Hulsey*, 744 S.E.2d 566, 574 (S.C. 2013) ("Congress purposefully included the mailing of a certified order as a jurisdictional requirement and, thus, the mere entry of an order is not self-executing as to the jurisdiction of the state court"); *Spanair S.A. v. McDonnell Douglas Corp.*, 90 Cal. Rptr. 3d 864, 869 (Cal. App. 2009) ("the state court's jurisdiction is suspended when the defendant seeking removal gives notice to the state court clerk, and it is reacquired when the district court clerk gives notice to the state court clerk in the form of a certified copy of the remand order."); *In re Lowe*, 102 F.3d 731, 735 (4th Cir. 1996), quoting *Van Ryn v. Korean Air Lines,* 640 F.Supp. 284, 285 (C.D.Cal.1985) ("Logic also indicates that it should be the action of a court (entering an order of remand) rather than the action of a clerk (mailing a certified copy of the order) that should determine the vesting of jurisdiction."); *Health For Life Brands, Inc. v. Powley*, 57 P.3d 726, 730 (Ariz. Ct. App. 2002) ("We find most persuasive those cases holding that the state court has the power to proceed

upon entry of the remand order in federal court. An issue as important as whether a state court may proceed with a case should be determined by the action of a federal court entering its remand order rather than by the ministerial act of a clerk in mailing a copy of the order.").

It appears that there is sparse local authority on this issue generally, and none that directly addresses whether proceedings can resume here before the District Court Clerk mails the certified copy. A footnote in *Middlebrooks v. Godwin Corp.*, 279 F.R.D. 8, 10-11 n.3 (D.D.C. 2011), indicates that in a civil action removed from a Superior Court, the district court retains jurisdiction to consider a motion for reconsideration until the clerk mails the remand order to the Superior Court. However, this situation is unusual and arguably different. Mr. Clark did not seek to remove this case from a state-level trial court. He sought to have a federal district court adjudicate a disciplinary proceeding that was before a Hearing Committee that operates under the aegis of the District of Columbia Court of Appeals.

Disciplinary Counsel argues that we should not wait for the certified copy because it is never going to come, relying on information obtained from the staff at the District Court Clerk's Office. Although we do not disregard the affidavit as Mr. Clark requests, we agree with Mr. Clark that the information received from the clerk is insufficient to make the conclusion Disciplinary Counsel urges. First, from the affidavit it appears the Disciplinary Counsel informed the clerk's office clerk understood that the discipline system lacks a "clerk's office." Although it is certainly true that there is no administrative unit in the discipline system that is called

a "clerk's office," the Executive Attorney is charged with performing some of the functions typically performed by a clerk's office:

> (3) To assign formal charges, a petition for negotiated disposition, and a contested petition for reinstatement to a Hearing Committee.
>
> (4) To maintain records of proceedings before Hearing Committees, the Board, and the Court.
>
> (5) To forward to the Court the findings and recommendations of the Board on formal charges of misconduct together with the record of proceedings before the Hearing Committee and the Board.
>
> (6) To forward to the Court the Hearing Committee's recommendation to approve a negotiated disposition and its recommendation in a contested reinstatement, together with the record of proceedings before the Hearing Committee.

D.C. Bar R. XI, § 7(a)(3-6); *see also* Board Rule 19.2 ("Documents required or permitted to be filed under the Rules Governing the Bar or Board Rules must be received for filing at the Office of the Executive Attorney within the time limits specified by these rules and served upon all parties."). We also note that D.C. Bar R. XI, § 8(c) provides that a copy of the Petition instituting formal disciplinary proceedings shall be sent to the Clerk of the District of Columbia Court of Appeals, which certainly has a clerk's office. Disciplinary Counsel does not explain why the clerk was informed that the Hearing Committee does not have a clerk's office – a fact that the affidavit suggests may have been important to the clerk's office. *See* Affidavit ¶9 (reporting that the clerk said something like "because like you said,

there is no court clerk, so we would treat it like an agency case."). *See also id.* ¶10 ("To confirm my understanding, I asked the clerk whether, when a case is purportedly removed from an agency, there is no remand notation on the docket because there is no court clerk. She agreed").

Second, the affidavit reflects that the conversations were not with the Clerk of the Court, but a subordinate. As the affiant notes "I do not claim that the information provided by the clerk is binding or an authoritative statement from the U.S. District Court. It reflects only the informal view of the clerk about an administrative aspect of her job—whether to send a copy of an order in the mail and make a particular notation on the docket." *Id.* ¶13.

The fact that we disagree with Disciplinary Counsel on these points, however, does not mean that we agree with all of Mr. Clark's arguments for continuing to delay this matter. Mr. Clark argues that his decision to appeal the federal district court's order operates as an automatic stay of the federal district court's order remanding the case. Mr. Clark's Motion to Disregard Affidavit at 13. To support this conclusion, Mr. Clark quotes a sentence from *BP plc. v. Mayor & City Council of Baltimore*, 141 S. Ct. 1532, 1536 (2021), that reads "[h]ere, too, Congress has deemed it appropriate to allow appellate review before a district court may remand a case to state court." (Mr. Clark's emphasis omitted). The case, however, does not involve whether an order is stayed pending appeal and the sentence is not discussing stays. The case addresses whether a party who is entitled to appeal because the case falls within the "federal officer" exception to the normal rule that remand orders are

unappealable, can also appeal the remand on other grounds for removal on which appeal would ordinarily be unavailable. And in context, the sentence discusses the fact that a purported removal by a "federal officer" is appealable. It does not discuss whether the remand order is automatically stayed by the filing of an appeal.

As we noted in our Order of July 5, 2023 (at 4) rejecting Mr. Clark's earlier arguments for delay pending the appeal, a number courts have denied stays pending appeals of remand orders for failing to demonstrate a substantial likelihood of success and irreparable injury. We do not read the *BP* case to have overruled all of this authority in a context in which it was not even discussing the issue. [1]

Although we agree as a general matter with Mr. Clark's point that court clerks are not empowered to provide legal advice, Mr. Clark's Motion to Disregard at 10-11, we also disagree with his assertion that how the Clerk of the Court handles this matter is irrelevant. In asking Disciplinary Counsel to submit an affidavit, we did not ask Disciplinary Counsel to relate legal advice. We attempted to understand whether the clerk is willing to send a certified copy of an order or has officially decided that it will not.

---

[1] Indeed, one of the cases in which the parties addressed whether a stay was appropriate was the lower court decision in BP itself. There, the trial court considered and rejected the conclusion that case should be stayed pending the appeal of the remand order, but accepted the parties' stipulation to stay the remand pending what was then the Fourth Circuit appeal. See Mayor and City Council of Baltimore v. BP P.L.C., 2019 WL 3464667, *6 (D. Md. 2019), aff'd 952 F. 3d 452 (4th Cir. 2020), vacated and remanded, 141 S. Ct. 1532 (2021), aff'd on remand, Mayor & City Council of Baltimore v. BP P.L.C., 31 F.4th 178 (4th Cir. 2022). Neither the trial court's decision denying a stay, nor the parties' stipulation would have been necessary if appeal automatically stayed the trial court's decision.

Our problem is that, despite the passage of some time since this issue arose, the Hearing Committee is no closer to understanding whether, as a matter of *federal* practice and procedure, we can expect that the Clerk of the United States District Court for the District of Columbia will send a certified copy, pursuant to 28 U.S.C. § 1447(c).

Upon consideration of the foregoing, it is hereby

ORDERED that we continue to defer resolution of Mr. Clark's Lodged Motion to Vacate Order, pending (1) the receipt of a certified copy of the federal district court's remand decision; (2) an official position from the clerk or the court that no certified order will be sent; or (3) other circumstances that allow us to determine that we have jurisdiction to proceed.

HEARING COMMITTEE NUMBER TWELVE

By: Merril Hirsh
Merril Hirsh
Chair

cc:

Jeffrey Clark, Esquire
c/o Charles Burnham, Esquire
Robert A. Destro, Esquire
Harry W. MacDougald, Esquire
charles@burnhamgorokhov.com
robert.destro@protonmail.com
hmacdougald@ccedlaw.com

Hamilton P. Fox, III, Esquire
Jason R. Horrell, Esquire
Office of Disciplinary Counsel
foxp@dcodc.org
horrellj@dcodc.org